UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEDRICK JOHNSON,

    Plaintiff,

        v.     CAUSE NO. 3:23-CV-229-DRL-JEM

DAVIS, HANRICH III, SABIE,
CRICTENDEN,

    Defendants.

OPINION AND ORDER

Dedrick Johnson, a prisoner without a lawyer, filed a complaint alleging his constitutional rights were violated at the Westville Control Unit. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Johnson alleges he was subjected to excessive force by Officer Davis on January 13, 2023, in visit booth four at the Westville Control Unit. ECF 2 at 2. He alleges Officer Davis repeatedly hit him in the ribs, slammed him into two walls, and struck ten times in the groin. *Id*. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but

maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Officer Davis may not have used the force alleged; if he did, he may have had a good-faith reason for doing so; but giving Mr. Johnson the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, these allegations state a claim.

Mr. Johnson alleges Sgt. Hanrich parted his butt cheeks during a strip search. ECF 2 at 2. "It is well established that strip searches of inmates performed for security purposes are reasonable as a general matter." *West v. Radtke*, 48 F.4th 836, 853 (7th Cir. 2022). "In the context of bodily searches performed upon those incarcerated in our prison system, only those searches that are maliciously motivated, unrelated to institutional security, and hence totally without penological justification are considered unconstitutional." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004) (quotation marks and citations omitted). This complaint provides no facts from which it can be plausibly inferred that Sgt. Hanrich was maliciously motivated or that the strip search was unrelated to institutional security as Mr. Johnson had just transferred into the Westville Control Unit from Indiana State Prison.

Mr. Johnson alleges Sgt. Sabie and Lt. Crictenden forced him to put on a jumpsuit contaminated with urine and feces. ECF 2 at 2. He alleges they and Sgt. Hanrich then put him in cell A-3-101, which was contaminated with urine and feces. *Id*. Prison conditions violate the Eighth Amendment if they pose a substantial risk of serious harm and prison officials are deliberately indifferent to the risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Conditions of confinement must be severe to support an Eighth Amendment claim; "the

prison officials' act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (quotation marks and citation omitted). The Eighth Amendment only protects prisoners from conditions that exceed "contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). It is unclear if Mr. Johnson was actually subjected to a serious risk of harm that violated the Eighth Amendment, but these allegations are sufficient to state a claim.

Mr. Johnson makes various allegations about events that happened after he was put in cell A-3-101, but he does not identify any defendants connected to those incidents. He names the Indiana Department of Correction as a defendant, but it is not suable under 42 U.S.C. § 1983 because it is not a person. *Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017) (a state agency is not a person that can be sued under section 1983) *citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

For these reasons, the court:

(1) GRANTS Dedrick Johnson leave to proceed against Officer Davis in his individual capacity for compensatory and punitive damages for using excessive force on January 13, 2023, by repeatedly hitting him in the ribs, slamming him into two walls, and striking him ten times in the groin in visit booth four at the Westville Control Unit in violation of the Eighth Amendment;

(2) GRANTS Dedrick Johnson leave to proceed against Sgt. Sabie and Lt. Crictenden in their individual capacities for compensatory and punitive damages for forcing him to put on a jumpsuit contaminated with urine and feces on January 13, 2023, in violation of the Eighth Amendment;

(3) GRANTS Dedrick Johnson leave to proceed against Sgt. Sabie, Lt. Crictenden, and Sgt. Hanrich in their individual capacities for compensatory and punitive damages for putting him in cell A-3-101 which was contaminated with urine and feces on January 13, 2023, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Indiana Department of Corrections,

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Davis, Sgt. Hanrich, Sgt. Sabie, and Lt. Crictenden at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Davis, Sgt. Hanrich, Sgt. Sabie, and Lt. Crictenden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 27, 2023

*s/ Damon R. Leichty*
Judge, United States District Court