UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEDRICK JOHNSON.,

    Plaintiff,

    v.                                          CAUSE NO. 3:23-CV-229-DRL-JEM

DAVIS *et al.*,

    Defendants.

OPINION AND ORDER

Dedrick Johnson, a prisoner without a lawyer, is proceeding in this case on three claims involving incidents that occurred on January 13, 2023. ECF 4. First, he is proceeding "against Officer Davis in his individual capacity for compensatory and punitive damages for using excessive force on January 13, 2023, by repeatedly hitting him in the ribs, slamming him into two walls, and striking him ten times in the groin in visit booth four at the Westville Control Unit in violation of the Eighth Amendment[.]" *Id.* at 3. Second, he is proceeding "against Sgt. Sabie and Lt. Crictenden in their individual capacities for compensatory and punitive damages for forcing him to put on a jumpsuit contaminated with urine and feces on January 13, 2023, in violation of the Eighth Amendment[.]" *Id.* Third, he is proceeding "against Sgt. Sabie, Lt. Crictenden, and Sgt. Hanrich in their individual capacities for compensatory and punitive damages for putting him in cell A-3-101 which was contaminated with urine and feces on January 13, 2023, in violation of the Eighth Amendment[.]" *Id.* at 4. The defendants filed a motion for summary judgment, arguing Mr. Johnson didn't exhaust his administrative remedies

before filing this lawsuit. ECF 11. Mr. Johnson filed a response, and the defendants filed a reply. ECF 17, 18, 20. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion."

*Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants argue Mr. Johnson didn't exhaust his administrative remedies before filing this lawsuit because he never submitted any timely grievance related to the January 13 incidents. ECF 12 at 7. Specifically, they provide evidence Mr. Johnson first submitted a grievance related to the January 13 incidents on February 3, 2023, which the grievance office rejected as untimely because it was submitted more than ten business days after the incident. ECF 11-1 at 6-7, 24-25; *see* ECF 11-1 at 16 (The Offender Grievance Process requires an inmate to submit a grievance "no later than ten (10) business days from the date of the incident giving rise to the complaint").

In his response, Mr. Johnson does not dispute he waited until February 3 to file a grievance related to the January 13 incidents. ECF 17, 18. Nor does he provide any explanation for why he waited until February 3 to file a grievance. *Id.* Instead, he argues his administrative remedies were unavailable *because* he did not timely file any grievance, which left him without any further available remedy to exhaust. ECF 18 at 4-6. But the Seventh Circuit has expressly rejected this argument. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) ("When the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited."). Mr. Johnson also argues he was housed in the Westville Control Unit rather than the Westville Correctional Facility. ECF 18 at 1-4. But the defendants say the Westville Control Unit is part of the Westville Correctional Facility, and Mr. Johnson

3

doesn't explain how his housing arrangement impacted his ability to timely file a grievance. Accordingly, because it is undisputed Mr. Johnson did not timely file any grievance, and Mr. Johnson provides no evidence his administrative remedies were unavailable, the undisputed facts show he had available administrative remedies he didn't exhaust before filing this lawsuit. Summary judgment is thus warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 11); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Dedrick Johnson and to close this case.

SO ORDERED.

February 19, 2024 *s/ Damon R. Leichty*
Judge, United States District Court